```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| ANTHONY M. EVANS | : |
| v. | : Civil Action No. DKC 2004-2830<br>  Criminal Case No. DKC 2003-0158 |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Petitioner, Anthony M. Evans, Jr., to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Paper 18). Petitioner has also filed a supplement to his motion (paper 25), which will be construed as a motion to amend.[1] For the reasons that follow, both the motion to amend and the original § 2255 motion will be denied.

**I. Background**

Petitioner pleaded guilty to conspiracy to distribute narcotics (21 U.S.C. § 846, count one), possession with intent to distribute narcotics (21 U.S.C. § 841, count two), and use of a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c), count four), following a plea agreement. A sentencing hearing was held on September 3, 2003. Pursuant to the plea agreement, the Government moved under U.S.S.G. § 5K1.1 for a

---

[1] This supplement is a letter dated March 14, 2006. Because it raises an issue not included in the § 2255 motion, it will be construed as a motion to amend. Additional correspondence from Petitioner (Papers 24, 26, and 27) did not raise new issues.

downward departure of two levels, based on Petitioner's assistance to the Government in the investigation and prosecution of other cases. (Paper 18, Sentencing Hr'g Tr., at 21). Defense counsel, John Chamble, argued instead for a four-level downward departure (*id.* at 24-30), and this court agreed, granting the four levels (*id.* at 31-33).

Mr. Chamble then requested that the departure be calculated after determining Petitioner's sentence on all counts, including the five year mandatory minimum based on his conviction under § 924(c). Calculation of the guideline range in this fashion would result in a shorter sentence than if the court first calculated the sentence on the two drug convictions, applied the departure, and then added the five year consecutive sentence for the § 924(c) conviction. (*Id.* at 34-35). After a lengthy discussion, the court and the parties concluded that the court lacked discretion to reduce the five-year statutory minimum absent a motion by the Government pursuant to 18 U.S.C. § 3553(e). (*Id.* at 46-47). Because the Government had not filed such a motion, the court first applied the four level departure to the two drug offenses, and then sentenced Petitioner to the mandatory, consecutive five year term under § 924(c). In total, Petitioner was sentenced to a term of imprisonment of 97 months and to a subsequent three-year period of supervised release. (*Id.* at 51). Petitioner did not appeal.

Petitioner filed the pending motion to vacate, set aside, or correct sentence on September 1, 2004.  In the motion, Petitioner alleges that he received ineffective assistance of counsel with respect to his sentencing because defense counsel "ineffectively neglected to file a § 3553(e) motion which would have made [his] sentencing 70 to 87 months opposed to the 97 to 106 [months he] did receive."  (Paper 18, at 5).  Petitioner did not file an accompanying memorandum, noting in the motion that all supporting facts were "completely within [the] sentencing transcript" which he attached.  (*Id.*)

On September 8, 2004, the court entered an Order directing the Government to respond to Petitioner's § 2255 motion.  (Paper 19). The Government responded to Petitioner's § 2255 motion on November 8, 2004.  (Paper 21).  Petitioner filed a response on November 24, 2004.  (Paper 22).  In his response, Petitioner altered his argument, asserting that his counsel was ineffective for failing to request that the Government file a § 3553(e) motion as part of Petitioner's plea agreement.  Finally, Petitioner supplemented his § 2255 motion on or about March 14, 2006, arguing for the first time that his actions did not meet the requirements for a conviction under 18 U.S.C. § 924(c).  (Paper 25).  Petitioner appeared to allege that his plea was involuntary or that he received ineffective assistance of counsel, asserting that his

verdict and sentence would have been different had he gone to trial.

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  On the other hand, "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citation omitted), *cert. denied*, 529 U.S. 1010 (2000). While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255.  Furthermore, only issues that have not been waived may be raised:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. [ ] *Mikalajunas*, 186 F.3d at 492–93 (citations omitted). To establish cause for procedural default based upon ineffective assistance of counsel, petitioners "must show that their attorneys' performance fell below an objective standard of reasonableness and that they suffered prejudice as a result." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Leano v. United States*, 334 F.Supp.2d 885, 890 (D.S.C. 2004).

**III. Motion to Amend**

Petitioner's supplement to his § 2255 motion (paper 25) presents an additional claim for relief, and will be construed as a motion to amend his § 2255 motion. A motion under § 2255 must be brought within one year of the date that the conviction becomes final upon the expiration of any direct appeals or the time to file such appeals. *See* 28 U.S.C. § 2255 ¶ 6; *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (citing *Kapral v. United States*, 166 F.3d 565, 575 (3rd Cir. 1999); *c.f. Clay v. United States*, 537 U.S. 522, 527

5

(2003) (holding that conviction becomes final for § 2255 limitations period, if no petition for a writ of certiorari is filed, when the time to file such a petition expires).  Fed.R.Civ.P. 15(c)(2) applies in this context, *see United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000), and provides that an amendment filed after the limitations period relates back to an original timely motion only if the two claims "arose out of the [same] conduct, transaction, or occurrence."  "An amended habeas petition[] . . . does not relate back (and thereby escape AEDPA's [the Antiterrorism and Effective Death Penalty Act of 1996's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Mayle v. Felix*, 125 S.Ct. 2562, 2568 (2005); *see also Pittman*, 209 F.3d at 318 (holding that amendment to § 2255 motion does not relate back if it arises "from separate occurrences of 'both time and type'" (citing *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999))).

Sentence was imposed on September 3, 2003, and the judgment became final when no notice of appeal was filed after ten days.  *See* Fed.R.App.P. 4(b)(1)(A)(I).  Petitioner's motion to amend was filed significantly more than one year later, on or about March 14, 2006.[2]

---

[2] This date reflects Petitioner receiving the benefit of the "mailbox rule," which sets back the date of filing to the day he filed it in the prison mailbox, rather than the date it was received by the clerk (March 17, 2006).  *See Huston v. Lack*, 487
(continued...)

6

As a result, its allegations can only be considered if they relate back to Petitioner's original motion under Fed.R.Civ.P. 15(c)(2).

Petitioner raises one new challenge on his motion to amend; specifically, he argues that he pleaded guilty to count four (§ 924(c)) "through indue [sic] influence by [his] attorney." (Paper 25). Essentially, Petitioner suggests that his actions did not meet the particular requirements for conviction under § 924(c), use of a firearm during and in relation to a drug trafficking offense, and that, had he gone to trial on this count, "a different outcome would have been probable." (*Id.*) Petitioner's claim may be characterized as one of either an involuntary plea or ineffective assistance of counsel. Its classification, however, is immaterial because the substance of the claim is completely unrelated to the claim raised in his original § 2255 motion, which alleged ineffective assistance of counsel with regard to sentencing, rather than his plea. The two claims do not arise out of the same "conduct, transaction, or occurrence." *See* Fed.R.Civ.P. 15(c)(2). As a result, Petitioner's motion to amend his § 2255 motion will be denied. *See Pittman*, 209 F.3d at 317.

---

[2](...continued)
U.S. 266, 272-73 (1988). The court has further assumed that the date on Petitioner's letter is the same date it was filed in the prison mailbox. Moreover, the exact date Petitioner should be credited with filing the supplement is immaterial because it was filed roughly one and one-half years after the expiration of the one-year limitation period.

7

**IV. Motion to Vacate, Set Aside, or Correct Sentence**

A conviction and sentence based on a guilty plea can only be collaterally attacked on relatively narrow grounds, including that the plea was not voluntary, that the petitioner was not advised by competent counsel, or that the court clearly lacked authority to impose the sentence.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.

*United States v. Broce*, 488 U.S. 563, 569 (1989).

A collateral attack based on one of the three proper grounds to challenge a conviction or sentence after a guilty plea is also subject to the doctrine of procedural default if those grounds were not raised on direct review of a petitioner's conviction. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *Gao v. United States*, 375 F.Supp.2d 456, 465 (E.D.Va. 2005) (citing cases, including *United States v. Jones*, No. 94-6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995) (Unpublished Disposition)). Thus, a petitioner asserting a challenge to a sentence not raised on direct

8

review must assert a cause external to himself and resulting actual prejudice to excuse the procedural default, or else must offer clear and convincing evidence to demonstrate his actual innocence. *See Mikalajunas*, 186 F.3d at 492-93. A waiver of appeal rights subject to a plea agreement does not constitute adequate cause for failing to raise a challenge on direct review. *See United States v. Smith*, 113 F.Supp.2d 879, 898 (E.D.Va. 1999)(citing *Jones*, 1995 WL 321263, at *1).

Petitioner asserts that he received ineffective assistance of counsel with respect to his sentencing, in violation of his Sixth Amendment right to competent counsel. In particular, Petitioner argues that his attorney, Mr. Chamble, was ineffective because he failed to make a motion under § 3553(e) for departure from the mandatory minimum sentence on the § 924(c) conviction based on Petitioner's substantial assistance to the Government. Petitioner also argues that counsel was ineffective because he failed to request that the Government make such a motion during the drafting of the plea agreement. (Paper 22, at 2).

The standards governing constitutionally ineffective assistance of counsel claims are well settled under *Strickland*. To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice,

9

he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

According to *Strickland*, there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and the courts must be highly differential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney been deficient. *See Strickland*, 466 U.S. at 697.

Petitioner's first argument, that Mr. Chamble was ineffective because he failed to make a § 3553(e) motion, fails as a matter of law. As the court found at sentencing, § 3553(e) requires that the Government make such a motion, and defense counsel is not entitled to do so. Section 3553(e) provides that "*[u]pon motion of the Government*, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person. . ." 18 U.S.C. § 3553(e) (emphasis added). Thus, the United States Court of Appeals for the Fourth Circuit has noted that a district court would lack authority to depart from the statutory minimum without a Government motion.

10

*See, e.g., United States v. Blackwood*, 913 F.2d 139, 144 n.3 (4th Cir. 1990); *United States v. Patterson*, 38 F.3d 139, 146 n.8 (4th Cir. 1994).  In addition, in a case cited by this court during the sentencing hearing (paper 18, Sentencing Hr'g Tr. at 45-46), the United States Court of Appeals for the Seventh Circuit found that a district court erred in departing below the statutory minimum where the Government had not filed a motion under § 3553(e).  *See United States v. McMutuary*, 217 F.3d 477, 487 (7th Cir. 2000) (holding that, in the absence of a Government motion, "[i]t necessarily follows that the district court was without power to impose a sentence below the statutory minimum to reflect a defendant's cooperation. . ."), *cert. denied,* 531 U.S. 1001 (2000).  Thus, defense counsel could not have made a motion pursuant to § 3553(e) because only the Government is authorized to do so.  In addition, the court would not have been authorized to grant a motion that defense counsel had no authority to make.  Thus, defense counsel's failure to file the motion was reasonable, and Petitioner could not have suffered actual prejudice as a result of Mr. Chamble's inaction.

The Government's answer to this § 2255 claim indicated the legal impossibility of Petitioner's first argument. (Paper 21, at 3-4).  In his response, Petitioner offers an additional argument, asserting that defense counsel was ineffective in failing to request that the Government make a § 3553(e) motion as part of Petitioner's

11

plea agreement.[3]  (Paper 22, at 2-3).  However, this argument also fails to show either that Mr. Chamble acted unreasonably, or that Petitioner suffered actual prejudice.

As previously noted, Petitioner's plea agreement provided that Petitioner would cooperate with the Government in exchange for a motion for a downward departure under U.S.S.G. § 5K1.1.  The plea agreement did not include a reference to a § 3553(e) motion.[4] (Paper 21, at 2).  It is entirely possible, and reasonable, that Mr. Chamble believed that the U.S.S.G. § 5K1.1 motion was the most favorable plea agreement the Government was willing to offer his client.  Based on the extent of Petitioner's cooperation, his criminal history, and the serious nature of the crimes to which he pleaded, Mr. Chamble could have reasonably believed that the

---

[3] Petitioner cites *Wade v. United States*, 504 U.S. 181 (1992), for the proposition that the Government's decision not to file a § 3553(e) motion is reviewable by a district court.  Petitioner fails to note, however, that the Supreme Court in *Wade* held that such a decision was reviewable only if the defendant makes a substantial showing that the refusal to file was based on an unconstitutional motive such as defendant's race or religion.  *Wade*, 504 U.S. at 186.  Petitioner has never alleged that the Government failed to make a motion under § 3553(e) for constitutionally suspect reasons, or that defense counsel failed to request one for such reasons.  As a result, his reliance on *Wade* is misplaced.

[4] While Mr. Chamble admitted that he "erroneously included [a] § 3553(e) reference" in his motion for downward departure (paper 18, Sentencing Hr'g Tr., at 46), this reference did not remove Mr. Chamble's advocacy from the realm of reasonableness, nor could it have caused actual prejudice.  The reference in no way prohibited the Government from making a § 3553(e) motion, or the court from granting one if it were made.  Furthermore, the erroneous reference was corrected in court.  (*Id.*)

12

Government would not be willing to make a § 3553(e) motion if he requested one.  The Government's resistance to the four-level departure at the sentencing hearing supports this view.  (Paper 18, Sentencing Hr'g Tr., at 19-22, 29).  Furthermore, at that hearing, the Government's attorney and Mr. Chamble proposed a short suspension of the proceedings so that they could research and discuss whether the four levels could be applied to the § 924(c) mandatory minimum sentence, and whether a § 3553(e) motion would be appropriate.  (*Id.* at 44).  Upon returning from that break, Mr. Chamble noted, ". . . I have spoken to Mr. Howard [the attorney for the Government], who, in light of the Court's granting the additional two levels, feels that Mr. Evans has gotten all the breaks he's going to get today from [the Government]." (*Id.* at 46). Thus, the Government, even when asked, was unwilling to make a § 3553(e) motion and felt that the § 5K1.1 motion had been sufficient. Moreover, there was considerable uncertainty as to the law concerning the interplay between 5K1.1 and § 3553(e) at the time. As a result, Mr. Chamble's decision not to ask for a § 3553(e) motion as part of the plea agreement was well within the  range of reasonable professional conduct.  *See Strickland*, 466 U.S. at 688-89.  In addition, because the Government was unwilling to make a §

3553(e) motion, Petitioner suffered no actual prejudice from counsel's failure to request one at an earlier time.[5]

Petitioner has failed to show that Mr. Chamble acted unreasonably in failing to make, or failing to ask for the Government to make a § 3553(e) motion to depart from the mandatory minimum sentence.  In addition, Petitioner has failed to show that he suffered any actual prejudice from counsel's inactions. Consequently, Petitioner is not entitled to relief.

## V. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (paper 18) will be denied.  Petitioner's motion to supplement his § 2255 motion (paper 25) will also be denied.  A separate Order will follow.

            /s/
            DEBORAH K. CHASANOW
            United States District Judge

---

[5] It is also unlikely that the court, which noted the seriousness of Petitioner's crimes and his extensive criminal history (paper 18, Sentencing Hr'g Tr., at 50-51), would have been receptive to departing from the mandatory minimum sentence.